UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JLIP, LLC, a Delaware Corporation,

        Plaintiff,

v.

JETAVATION INC., a California Company;
THE FLYING JETSKI, LLC, a Florida
Limited Liability Company; and
CATDADDY LUXURY TOYS LLC, a
Florida Limited Liability Company

        Defendants.

_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff JLIP, LLC, a Delaware corporation (hereinafter "JLIP"), by and through its undersigned counsel, hereby alleges in its Complaint against defendants JETAVATION INC., a California Company; THE FLYING JETSKI, LLC, a Florida Limited Liability Company; and CATDADDY LUXURY TOYS LLC, a Florida Limited Liability Company (collectively "defendants") as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of United States Patent No. 7,735,772 ("the '772 Patent") arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

3. This Court has personal jurisdiction over the defendants pursuant to Florida's long-arm statute F.S. §48.193 (1)(b), (f)(1)-(2) in that the defendants are each (a) operating, conducting, engaging or carrying on a business in the State of Florida; (b) committing tortious acts within the State of Florida; and (c) engaging in substantial and not isolated activity within the State of Florida.

4. Venue is proper in this district under 28 U.S.C. §§1391 and 1400(b).

5. Joinder of the defendants is proper under Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. §299 as the relief sought against each defendant arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the using, importing into the United States, offering for sale, and/or selling of the same accused product or process, and matters of law and fact common to all defendants will arise in the action.

## THE PARTIES

6. JLIP is a Delaware corporation with its principal place of business at 1105 Old Griffin Road, Dania Beach, FL 33004.

7. Jetavation Inc. ("Jetavation") is a California corporation having a principal place of business at 20201 Charlanne Drive, Redding, California 96002.

8. The Flying Jetski, LLC ("Flying Jetski") is a Florida limited liability company with a principal place of business at 505 Parkwood Drive, Panama City, Florida 32405.

9. Catdaddy Luxury Toys LLC ("Catdaddy") is a Florida limited liability company with a principal place of business at 5105 Del Prado Blvd., Cape Coral, FL 33904.

## THE PATENT-IN-SUIT

10. On June 15, 2010, U.S. Patent No. 7,735,772 entitled "Personal Propulsion Device," was duly and lawfully issued by the USPTO. A true and correct copy of the '772 Patent is attached hereto as Exhibit A.

11. JLIP is the owner of the '772 Patent.

12. The '772 Patent is in full force and effect as of the date of this Complaint and at all times relevant to the allegations herein.

## FACTUAL BACKGROUND
### Jetavation Inc.

13. Jetavation is in the business of importing into the United States, using, selling, and offering to sell water-powered personal propulsion devices called "The Jetovator."

14. Upon information and belief, Jetavation has held training classes for customers and potential customers on the operation and use of "The Jetovator," during which Jetavation demonstrated and taught the use of "The Jetovator."

15. Jetavation sells and offers to sell "The Jetovator" throughout the United States and in this District, including through the website www.jetovator.com.

16. On or about September 10, 2012, Jetavation was notified in writing that it infringed the '772 Patent.

17. Upon information and belief, Jetavation has placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are sold to and used by customers in this District. In addition, Jetavation knowingly induced, and continues to knowingly induce, infringement within this State and within this District by contracting with others to market, use and sell infringing products with the knowledge and intent to facilitate infringing sales and use of the products by others within this District and by creating and/or

3

disseminating product information and other instruction materials for the infringing products with like mind and intent.

### The Flying Jetski, LLC

18. Flying Jetski is in the business of importing into the United States, using, selling, and offering to sell water-powered personal propulsion devices called "The Jetovator."

19. Flying Jetski sells and offers to sell "The Jetovator" throughout the United States and in this District, including through the website www.theflyingjetski.com.

20. Upon information and belief, Flying Jetski holds training classes for customers and potential customers on the operation and use of "The Jetovator," during which Flying Jetski personnel demonstrate and teach the use of "The Jetovator."

21. Upon information and belief, Flying Jetski has placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are sold to and used by customers in this District. In addition, Flying Jetski knowingly induced, and continues to knowingly induce, infringement within this State and within this District by contracting with others to market, use and sell infringing products with the knowledge and intent to facilitate infringing sales and use of the products by others within this District and by creating and/or disseminating product information and other instruction materials for the infringing products with like mind and intent.

### Catdaddy Luxury Toys, LLC

22. Upon information and belief, Catdaddy is in the business of importing into the United States, using, selling, and offering to sell water-powered personal propulsion devices called "The Jetovator."

23. Upon information and belief, Catdaddy sells and offers to sell "The Jetovator" throughout the United States and in this District.

24. Upon information and belief, Catdaddy holds training classes for customers and potential customers on the operation and use of "The Jetovator," during which Catdaddy personnel demonstrate and teach the use of "The Jetovator."

25. Upon information and belief, Catdaddy has placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are sold to and used by customers in this District. In addition, Catdaddy knowingly induced, and continues to knowingly induce, infringement within this State and within this District by contracting with others to market, use and sell infringing products with the knowledge and intent to facilitate infringing sales and use of the products by others within this District and by creating and/or disseminating product information and other instruction materials for the infringing products with like mind and intent.

## COUNT I
### (Infringement of U.S. Patent No. 7,735,772)

26. Plaintiff re-alleges and incorporates paragraphs 1-25 from above as though fully set forth herein.

27. Each of the defendants has actual or constructive notice of the '772 Patent.

28. Each of the defendants has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalent, one or more claims of the '772 Patent by importing, making, using, offering to sell and/or selling "Jetovator" personal propulsion devices and associated components in the United States without authority and in violation of 35 U.S.C. §271.

29. Each of the defendants also has and continues to indirectly infringe one or more claims of the '772 Patent by inducing others to infringe and/or contributing to the infringement of others,

including end users of its infringing "Jetovator" personal propulsion devices. Specifically, each of the defendants has actively induced, and continues to induce, the infringement of one or more claims of the '772 Patent at least by actively inducing the infringing use of "Jetovator" personal propulsion devices by defendants' customers in the United States. Each of the defendants knew or should have known that its conduct would induce others to use its "Jetovator" personal propulsion devices in a manner that infringes the '772 Patent.

30. Each of the defendants has also contributorily infringed and continues to contributorily infringe the '772 Patent by importing into the United States, using, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed inventions that are not staple articles of commerce suitable for substantial noninfringing use.

31. Each of the defendants' infringement of the '772 Patent has been willful and deliberate.

32. Each of the defendants' infringement of the '772 Patent will continue unless enjoined by this Court.

33. As a direct and proximate result of defendants' infringement of the '772 Patent, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Plaintiff is entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

    A.    Enter a judgment that defendants have infringed, induced infringement and contributed to the infringement of the '301 Patent.

    B.    Enter a judgment that defendants have infringed, induced infringement and contributed to the infringement of the '772 Patent.

C.	Order defendants to pay damages to adequately compensate Plaintiff for defendants' patent infringement, including but not limited to an award of defendants' profits from its infringement of the '772 Patent, Plaintiff's lost profits, and/or reasonable royalties together with pre- and post-judgment interest;

D.	Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining defendants and their respective officers, agents, servants, employees, attorneys, customers, licensors, suppliers and those in concert or participation with them from any further sales, offers for sale, importation or use of infringing products and services and any other infringement of the '772 Patent, whether direct or indirect;

E.	Find that defendants' patent infringement was willful and malicious and award treble damages to Plaintiff under 35 U.S.C. §284;

F.	Find this to be an exceptional case of patent infringement under 35 U.S.C. §285 and award reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action; and

G.	Award such other and further relief as the Court deems just and equitable.

Dated:  July 14, 2014					Respectfully Submitted,

							s/ Nicholas R. Lewis
							Nicholas R. Lewis
							nlewisesq@gmail.com
							Florida Bar No. 16146
							1105 Old Griffin Road
							Dania Beach, Florida 33004
							(954) 662-8664 (Telephone)
							(954) 922-7871 (Facsimile)

							*Attorney for Plaintiff JLIP, LLC*